UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JOSEPH BROOKS,

                  Petitioner,                  **REPORT AND RECOMMENDATION**

    -against-

                                    07 Civ. 11568 (KMK) (GAY)

RANDY JAMES[1], Superintendent,
Livingston Correctional Facility,

                  Respondent.
----------------------------------------------------------X

TO THE HONORABLE KENNETH M. KARAS, United States District Judge:

Petitioner Joseph Brooks ("petitioner"), proceeding *pro se*, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, I respectfully recommend that the Court dismiss the petition in its entirety.

**I. BACKGROUND**

On March 3, 1993, following a jury trial, Brooks was convicted of rape in the first degree and sodomy in the first degree. See Aff. Opp. Pet., at 3. He was subsequently sentenced on April 13, 1993 to concurrent terms of imprisonment of eight to twenty-four years. Id. Petitioner did not appeal his conviction.

On or about July 25, 2005, Brooks filed a motion to vacate the judgment of conviction pursuant to § 440.20 of the New York Criminal Procedure Law ("CPL"). His motion to have the sentence vacated and re-sentenced, if granted, would have re-

---

[1] Brooks has been relocated to a different correctional facility since the filing of his petition. The Court has therefore substituted the correct respondent.

started the clock on the time for him to appeal his 1993 conviction. The basis for the motion was Brooks' allegation that his trial counsel was ineffective for not having advised him of his right to appeal, nor filing a direct appeal when asked to do so. See Respondent's Memorandum of Law and Exhibits, Exh. 7, 1.[2] By Decision and Order dated March 21, 2006, the Orange County Court denied Brooks' motion. Said court explained that because the sentence was "not unauthorized, illegally imposed, or otherwise invalid as a matter of law," it was without power to vacate it. Id. at 2. Further, the court advised Brooks to bring any request for an extension of time to appeal to the Appellate Division. Id. On September 8, 2006, the Appellate Division denied Brook's request for leave to appeal pursuant to CPL § 450.15 and § 460.15. Exh. 8. On December 11, 2006, the New York Court of Appeals dismissed Brooks' appeal because "the order sought to be appealed is not appealable" under CPL § 450.90(1). Exh. 9.

On or about November 24, 2007, Brooks filed his initial petition for a writ of habeas corpus.

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for the filing of a habeas corpus petition seeking relief from a state court conviction. 28 U.S.C. § 2244(d)(1). The one-year limitation period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct

---

[2] Hereinafter, all citations to "Exh.__," unless otherwise noted, refer to exhibits attached to Respondent's Memorandum of Law.

    review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. Here, Brook's judgment became final 30 days after its entry, upon the expiration of his time to file an appeal. CPL § 460.10(1)(a). Thus, his habeas petition became time-barred as of May 14, 1993. However, as Brooks was sentenced prior to the enactment of AEDPA, he was entitled to a one-year grace period from the effective date of the Act. See Joseph v. McGinnis, 150 F.3d 103, 104 (2d Cir. 1998). This one-year period in which Brooks could have filed a timely petition ended April 24, 1997. Thus, his filing of the instant petition in November 2007 was some ten and one-half years late and the petition is time-barred, unless the limitation period was tolled by equitable considerations.[3]

    Brooks will be entitled to equitable tolling of the AEDPA limitation period only if he demonstrates (1) "that extraordinary circumstances prevented him from filing his petition on time," and (2) that he acted with "reasonable diligence throughout the period he seeks to toll." Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (*per curiam*). "The word 'prevent' requires the petitioner to demonstrate a causal relationship between the

---

[3] AEDPA's tolling provision, 28 U.S.C. § 2244(d)(2), is inapplicable to the instant matter because petitioner filed his 440.20 motion well after the expiration of the one-year statute of limitations. See Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (*per curiam*) (filing of state court collateral challenge after expiration of one-year statute of limitations does not reset date from which the statute of limitations runs).

extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances."  Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000).

Here, Brooks does not point to any "extraordinary circumstance" that prevented him from timely filing his habeas petition, nor does he present any evidence that he acted diligently to file his habeas petition.  Instead, Brooks tries to have it both ways.  He asserts that he was not adequately advised of his rights to appeal, see Exh. 4, #1(a), while simultaneously claiming to have repeatedly requested that his attorney file an appeal on his behalf, see, Pet., No. 13.  Brooks claims to have learned only in 2004 that no such appeal was filed.  Exh. 4, #6.  The record shows, however, that he was informed by the court at his sentencing of his right to appeal within 30 days.  Exh. 2, 10.  In addition, Brooks had been indicted and convicted of other crimes several months prior to those here at issue, and had appealed the prior conviction *pro se*.  Thus he was aware of his right to appeal, and of the process for doing so, yet he did nothing for over a decade.  In sum, there is no showing of the necessary diligence required for equitable tolling, nor of any "exceptional circumstance" which prevented him from filing.

Accordingly, I conclude, and respectfully recommend, that the instant petition should be dismissed as untimely.

### III.  CONCLUSION

For the foregoing reasons, I conclude that the AEDPA statute of limitations has expired and there are insufficient grounds for equitable tolling.   Accordingly, I

respectfully recommend that the instant petition for a writ of habeas corpus should be dismissed in its entirety.

## IV.  NOTICE

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8(b)(3) of the Rules governing § 2254 proceedings, the parties shall have fourteen (14) days from receipt of this Report to serve and file written objections to this Report and Recommendation.  If copies of this Report are served upon the parties by mail, the parties shall have seventeen (17) days from receipt of this Report to file and serve written objections.  See Rule 11 of the Rules governing § 2254 proceedings; Fed. R. Civ. P. 6(d).  Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Kenneth M. Karas at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at said Courthouse.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.  See Caidor v. Onondaga County, 517 F.3d 601, 604 (2d Cir. 2008).

Requests for extensions of time to file objections must be made to the Honorable Kenneth M. Karas and not to the undersigned.

Dated: November 17, 2010
White Plains, New York

Respectfully Submitted,

_____
GEORGE A. YANTHIS, U.S.M.J.